# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**              NO: 1:17-CR-176-13

   **Plaintiff**

                                          Hon:  PAUL L. MALONEY

V

**DESIREE ANALIESE WINFIELD,**

   **Defendant**

---

## DEFENDANT'S SENTENCING MEMORANDUM AND BRIEF IN SUPPORT OF MOTION FOR VARIANCE AND/OR DOWNWARD DEPARTURE

---

## INTRODUCTION

On Tuesday, February 20, 2018, Ms. Winfield will stand before this Honorable Court to be sentenced after having pled to the offense of Bank Fraud in violation of 18 U.S.C. § 1344(2).

Ms. Winfield has reviewed the Presentence Report and finds it to be accurate. She and her counsel have no objections or corrections to it. Ms. Winfield is requesting that this Court not adopt the pre-sentence writer's recommendations of incarceration, grant the Government's U.S.S.G. 5K1 Motion suggesting a three

level reduction in offense level, and further consider his request for a variance and/or downward departure to sentence that is sufficient but non grater than necessary.

## PERSONAL HISTORY

Ms. Winfield is 23 years young. She graduated from Kalamazoo Central High School in 2012, and feels that was one of her greatest accomplishments. She has also attended college at Western Michigan University. She currently resides with her mother in Grand Rapids and plans on living there unless she is incarcerated. She has held employment in the past, and just recently has been hired at HIS Holdings , d.b.a Fettig, an employment agency. Se has found support from her parents, aunt and other family members.

## LEGAL DISCUSSION

In compliance with *United States v. Booker*, 543 U.S. 220 (2005), as clarified by *Gall v. United States*, 552 U.S. 38 (2007), *and Kimbrough v. United States*, 552 U.S. 85 (2007), the Court is directed to consider a number of factors in determining a defendant's sentence. After correctly calculating a defendant's advisory sentence guideline range, the Court is to listen to arguments by the parties as to the appropriate sentence to be imposed. The Court is then to look to the sentencing statute 18 U.S.C. § 3553(a) to find support for the sentences advocated by the parties. Based upon due consideration of the advisory guideline range, the positions of the parties, and the § 3553(a) factors, the Court is to impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing. Should the Court choose to impose a sentence outside of the advisory guideline range, the Court is directed to explain the departure or variance to such

an extent that the defendant and any reviewing Court may understand the basis for the Court's chosen sentence.

## 18 U.S.C. § 3553(A) FACTORS

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

The circumstances of the offense are well outlined in the presentence report. Ms. Winfield became involved in this particular offense through Mr. Jerome Perry, a co-defendant who recruited Ms. Winfield and others to assist in the scheme. He partly relied on the past romantic involvement with Desiree, and partly on the fact that she was looking to make some easy money.. Mr. Jerome Perry was a major participant in the conspiracy. Mr. Perry was directing, either directly or indirectly, the illegal conduct of Ms. Winfield. Ms. Winfield realized that her involvement was illegal when she realized that the account she opened with $100.00 hadd over $20,000.00 deposited into it.

**(2)   The need for the sentence imposed:**

**(a)   To reflect the seriousness of the offense, to promote respect for the law, to provide just punishment.**

Ms. Winfield has some prior misdemeanor convictions, yet this is his first felony. This conviction will seriously affect him for the rest of her life. It is hoped that it will not effect her future employment. Based on the level of his involvement here, a sentence without any length of incarceration with the hope of helping this young offender to straighten out her future is most appropriate.

**(b)   Deterrence.**

The felony conviction itself will deter this defendant. Indeed, it will likely prevent any thoughts of unlawful conduct for the rest of his life.

**(c)   Protection of the public.**

Protection is afforded based on past non-felonious conduct and the fact that this offense is not a violent one. Ms. Winfield has not endangered the public in this case.

**(d)   Educational, vocational, medical and other correctional treatment to be provided effectively.**

Currently Ms. Winfield has just become employed. (see Attachment "A"). Based on the fact she has completed high school, has some college education, this factor is omitted from argument.

**(3)   The Guidelines.**

This is but one of several factors and not the primary consideration in sentences *post-Booker*. The *Booker* court found that guidelines that are treated other than as advisory are contrary to the Constitution. This therefore, while the guidelines may be consulted, they are but one component of many. However, it is of importance that Ms. Winfield's guidelines are driven by the underlying loss to the financial institutions as part of the vast conspiracy, of which a large part has been realized by others and of which she had not received any benefit from or was continually and actively involved in.

**(4) The kinds of sentences available.**

The advisory directives of the sentencing guidelines exclude probation as submitted by the pre-sentence writer since the offense of conviction is a class "B" felony. Likewise, because of the classification, the statutory provisions do not allow for a probationary sentence. Ms Winfield respectfully requests that any period of incarceration be replaced with alternative of tether, house arrest, or suspended, and a sufficient term of supervised release be imposed. This, again, is

predicated on the fact that supervision and guidance is appropriate for this young offender.

### (5) Pertinent policy statement.

Due to the requested sentence, this factor is omitted from argument.

### 6) Disparities.

Due to the requested sentence, this factor is omitted from argument.

### (7) Restitution.

Restitution has been stipulated to in the plea agreement by the Government and Ms. Winfield to the amount of $72,619.95. That amount, for someone of Ms. Winfield's means is substantial, amounting to a mortgage. It will take many years of hard work to pay it off. That consideration weighs in favor of limited, if any, incarceration so that Ms. Winfield may continue employment and begin making restitution payments.

## CONCLUSION

Ms. Winfield respectfully asks that this Honorable Court grant the Government's Motion pursuant to U.S.S.G 5K1 in the levels requested, grant her request for downward departure and/or Motion for Downward Variance, and after consideration of all facts and circumstances impose a sentence "sufficient" but not greater than necessary to accomplish the goals of sentencing, including a sentence without incarceration.

February 16, 2018                                  Respectfully submitted,

/s/ Roman J. Kosiorek  
Roman J. Kosiorek  
Attorney for Desiree A. Winfield, Defendant

5